UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antoine J. China, # 292911, | ) | C/A No.: 5:13-0091-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Lt. Marksberry; Major Nettles; Warden Fred B. Thompson; and William R. Byars, Jr. Director, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion for Entry of Default filed on August 26, 2013. ECF No. 37. Defendants filed an opposition to Plaintiff's motion of September 11, 2013. ECF No. 41. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

Plaintiff asks the court to enter default against Defendants arguing that Defendants have "failed to fully answer Interrogatories & response to Request for Production claiming objection is burdensome and mootness which violated" Federal Rules of Civil Procedure 29, 33(d) and 37(a). ECF No. 37 at 1. Plaintiff contends that "[t]hese documents and answer[s] are highly need[ed] to prepare a defense for Plaintiff and Defendant have violated the above rules and prejudice the plaintiffs and relief should be granted on default." *Id.* Defendants contend that Plaintiff is not entitled to an entry of default as they timely responded to Plaintiff's discovery requests. ECF No. 41 at 1. Defendants further argue that the court has already addressed

Plaintiff's concerns relating to Defendants' failure to properly respond to discovery when the court denied Plaintiff's Motion to Compel. *Id.*

To the extent that Plaintiff is alleging that Defendants have failed to properly respond to his discovery requests, an entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure does not provide the appropriate remedy. Therefore, the court construes this motion as one for sanctions for failure to disclose, answer or respond to discovery. *See* Fed. R. Civ. P. Rule 37(a)(4) and (c)(1)(C). While Rule 37(b)(2)(A)(vi) provides that a default judgment may be rendered for a party's failure to obey a court's discovery order, in this case the court determined that Defendants have fully responded to Plaintiff's discovery requests. *See* Order Denying Pl.'s Mot. to Compel, ECF No. 39. Accordingly, Defendants have not disobeyed a discovery order, and the court declines to impose sanctions. Plaintiff's Motion for Entry of Default, ECF No. 37, is therefore DENIED.

IT IS SO ORDERED.

October 3, 2013                                                           Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge