# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Antoine J. China, ) | |
| ) | Civil Action No. 5:13-cv-00091-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Lt. Marskberry, Major Nettles, Warden ) | |
| Fred B. Thompson, and William R. Byars, ) | |
| Jr., Director, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Antoine J. China ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of the Eighth Amendment on the grounds of excessive force, gross negligence, and supervisory liability by Defendants corrections officers Sgt. Lawrence Marksberry and Major Nettles, Associate Warden for Operations Fred B. Thompson, and South Carolina Department of Corrections ("SCDC") Director William R. Byars, Jr. (collectively "Defendants"). (ECF No. 1.) This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 42).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On June 12, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' motion. (ECF No. 54.) This review considers Plaintiff's Objection to Report and Recommendation ("Objections"), filed June 30, 2014. (ECF No. 56.) For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report. The court thereby **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 42) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a recitation of the relevant facts and procedural history is warranted.

At the time of the facts giving rise to Plaintiff's Complaint, Plaintiff was incarcerated at Lieber Correctional Institution ("LCI"), which is within the SCDC. (*Id.*) Plaintiff has since been relocated to Perry Correctional Institution. (ECF No. 54 at 2.) Plaintiff alleges excessive force and gross negligence by Defendants regarding the use of chemical munitions in violation of the Eighth Amendment prohibition of cruel and unusual punishment. (ECF No. 1 at 6.) Plaintiff seeks a jury trial on all claims, $100,000 in punitive damages from each defendant, automatic departure via parole in 2014, and any additional relief the court deems appropriate. (*Id.* at 7.)

Plaintiff alleges that on October 24, 2011, at approximately 5:00 a.m., Defendant Marksberry came to his cell to collect his cellmate, Horace Wright, for a medical appointment. (ECF No. 1 at 4.) Plaintiff claims Defendant Marksberry sprayed a "large amount" of chemical munitions into his cell and locked the door, leaving Plaintiff in the cell for 20 to 30 minutes. (*Id.*) At approximately 5:45 a.m., Plaintiff was seen by medical staff, during which time he told a nurse the mace was causing chest pain and was "messing with" his breathing. (*Id.*)

Defendants allege that Plaintiff's cellmate refused to leave the cell or sign a medical refusal and also refused to obey officers' verbal orders. (ECF No. 42-1 at 1, *see also* ECF No. 42-3 at 2.) Defendant Marksberry claims that at the time he and Officer Richard Smith issued the chemical munition into the cell, he observed Plaintiff lying on his bunk, covered with a blanket. (ECF No. 42-3 at 2.) Defendant Marksberry further contends he and Officer Smith

2

aimed the munition at Inmate Wright's facial area, and did not issue any munition at Plaintiff. (*Id.*) According to the SCDC MIN Narrative regarding the incident, a total of 35 grams of mace was used—31 grams by Defendant Marksberry and 4 grams by Officer Smith. (ECF No. 42-5 at 4, 6.)

Plaintiff filed a Step 1 Grievance with the SCDC on October 27, 2011, which was denied on September 20, 2012. (ECF No. 1-1 at 4-5.) On April 19, 2012, Defendant Thompson released a Memorandum due to complaints regarding the use of mace at LCI. (ECF No. 49-4.) The memo stated, "Let it be known that for the safety of officers and staff a few bursts of chemical munitions administered into the cell prior to entering the cell to make sure the inmate is unresponsive is permitted." (*Id.*) Plaintiff argues the memo "clearly is a cover up towards officers' behaviors." (ECF No. 1 at 5.)

On August 20, 2012, Plaintiff claims to have made a request to Defendant Nettles that he be placed in protective custody due to his "suffering from emotional dreams… and to separate [Plaintiff] from" Defendant Marksberry. (*Id.*)

Plaintiff filed his Complaint on January 8, 2013. (ECF No. 1.) On September 16, 2013, Defendants filed a Motion for Summary Judgment. (ECF No. 42.) The same day, the magistrate judge entered a *Roseboro* Order,[1] advising Plaintiff of the importance of the motion and his need to file an adequate response. (ECF No. 43.) In response to Defendants' motion, Plaintiff filed a Memorandum to Dismiss Summary Judgment on October 7, 2013. (ECF No. 49.) Defendants filed a Reply to Plaintiff's Response on October 18, 2013. (ECF No. 50.) The magistrate judge

---

[1] The order was entered in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide an explanation of dismissal or summary judgment procedures to *pro se* litigants.

3

issued the Report on June 12, 2014, recommending Defendants' Motion for Summary Judgment be granted. (ECF No. 54.)

On the issue of excessive force, the magistrate judge explained in the Report that to prove a claim on these grounds, a plaintiff must establish the prison official "acted with a sufficiently culpable state of mind (subjective component); and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." (ECF No. 54 at 6, citing *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996)).) Under the subjective component, a plaintiff must prove a defendant used force "maliciously and sadistically for the very purpose of causing harm" rather than in a good faith effort to maintain or restore discipline. (*Id.*, citing *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986).) In *Whitley,* the Supreme Court laid out four factors to consider whether a defendant intended "maliciously and sadistically" to cause a plaintiff harm: "(1) the need for application of force; (2) 'the relationship between the need and the amount of force' used; (3) 'the extent of the injury inflicted;' and (4) 'the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them.'" (*Id.* at 6-7, citing *Whitley,* 475 U.S. at 321.) The Report concluded that Plaintiff could not make a showing under the subjective component, reasoning that although "the version of the events giving rise to Defendant Marksberry's 'need for application of force' are in dispute," none of the evidence demonstrated that any use of force was directed at *Plaintiff*. (*Id.* at 9, 11.)

The Report also recommended summary judgment be granted to Defendants Byars, Thompson, and Nettles as to Plaintiff's claim under the doctrine of supervisory liability. (*Id.* at 13.) The magistrate judge found that Plaintiff could not "demonstrate that he faced a pervasive and unreasonable risk of harm from a specified source, and that the supervisor's corrective

4

inaction amounted to a deliberate indifference or tacit authorization of the offensive practices." (*Id.* at 12-13, citing *Miltier v. Beorn,* 896 F.2d 848, 854 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan,* 511 U.S. 825, 837 (1994).)  The Report concluded that Plaintiff's Complaint did not allege Defendants Nettles, Thompson, or Byars had any personal involvement in the incident other than having a supervisory role and that Plaintiff's sole evidentiary offering of Defendant Thompson's memo did not demonstrate supervisory indifference nor tacit authorization of subordinate misconduct. (*Id.* at 12.)

The Report further recommended granting summary judgment on Plaintiff's claim of Deliberate Indifference to Serious Medical Need, as the record did not contain facts that could demonstrate Defendants "knew of and disregarded Plaintiff's serious medical needs." (*Id.* at 12-13.) The Report also recommended granting qualified immunity to Defendants, as the magistrate judge found Plaintiff could not make a showing under *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982), which held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (*Id.* at 15.)  The magistrate judge reasoned that, according to the facts in the record, "Defendants did not transgress any statutory or constitutional rights of Plaintiff of which they were aware in the exercise of their respective professional judgments." (*Id.*)

The magistrate judge recommended the court deny summary judgment on the grounds of Plaintiff's alleged failure to exhaust administrative remedies. (ECF No. 54 at 6.) Failure to exhaust is an affirmative defense, and Defendants have the burden of presenting evidence showing that Plaintiff failed to exhaust his administrative remedies. (*Id.* at 5.) The Report stated that although there is no proof in the record that Plaintiff filed a Step 2 Grievance, Defendants

failed to meet their burden, as they had not included in the record all of Plaintiff's grievances or an affidavit of the grievance records custodian.  (*Id.* at 5-6.)

Plaintiff timely filed his Objections on June 30, 2014.  (ECF No. 56.)

**STANDARD OF REVIEW**

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.,* 915 F.2d 121, 124 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must set forth specific facts

demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Anderson,* 477 U.S. at 252; *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson,* 477 U.S. at 249 (quoting *First Nat. Bank of Ariz. v. Cities Service Co.,* 391 U.S. 253, 288-89 (1968)). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995). Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Anderson,* 477 U.S. at 248.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

**Excessive Force**

Plaintiff argues there is a genuine issue of material fact regarding the use of excessive force, claiming no one was out of control at the time officers issued chemical munitions, and that, contrary to Defendants' claims, his cellmate was not refusing to leave the cell or sign a medical release. (ECF No. 56 at 3.) The court concurs with the magistrate judge that there is a dispute of fact regarding the need for application of force, but also concurs that no evidence has been presented to show any malice was directed at Plaintiff specifically. (ECF No. 54 at 9.)

Although Plaintiff argues the magistrate judge is "somewhat misplaced" when stating the use of force was not directed at Plaintiff (ECF No. 56 at 3), he does not provide any evidence

7

other than his bare assertions that Defendant Marksberry acted with malice to inflict pain on Plaintiff. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis,* 53 F.3d at 62. As such, Plaintiff cannot show a genuine issue of material fact regarding Defendant Marksberry's intent to inflict cruel and unusual punishment on him. Therefore, Defendants are entitled to summary judgment on these grounds.

**Supervisory Liability**

Plaintiff urges the use of the test laid out in *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994), rather than the *Miltier* test used by the magistrate judge, to assess the liability of Defendants Nettles, Thompson, and Byars. (ECF No. 56 at 4.) However, Plaintiff still fails to present facts to establish supervisory liability under the *Shaw* test.

In *Shaw,* the Fourth Circuit Court of Appeals laid out a three part test to determine supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw,* 13 F.3d at 799. To satisfy the first element, a plaintiff must show "(1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." *Id.* The Fourth Circuit further explained that to prove a "pervasive and unreasonable risk," a plaintiff must provide "evidence that the conduct is widespread, or at least has been used on several different occasions and that

the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id.*

With the facts in the record, Plaintiff cannot establish "widespread" conduct that posed an "unreasonable risk" of constitutional injury. Plaintiff asserts that Defendant Thompson's memo is proof of supervisory indifference or tacit authorization of subordinate misconduct. (ECF No. 56 at 5.) However, the memo merely acknowledges complaints about officers "using chemical munitions to verify that an inmate is truly unresponsive in a cell or not." (ECF No. 49-4 at 5.) As the magistrate judge discussed, the memo notes the use of chemical munitions is authorized in a limited circumstance and for the safety of corrections officers and prison staff. (ECF No. 54 at 13.) It does not prove awareness on the part of the supervisory Defendants of any subordinate misconduct. As such, Plaintiff fails to make a showing under the *Shaw* test.

Plaintiff further asserts that Defendant Thompson failed to take steps to protect Plaintiff after Plaintiff addressed his concerns about safety through administrative procedures. (ECF No. 56 at 4.) In his Complaint, Plaintiff offered his Step 1 Grievance form in which he complained of the incident on October 24, 2011. (ECF No. 1-1 at 4.) The mere fact that Defendant Thompson knew about Plaintiff's allegations through a grievance and denied that grievance, however, does not demonstrate he was aware of a "pervasive and unreasonable risk" requiring him to act or else be held liable. *See Freeland v. Ballard,* 2014 WL 989194, *9 (S.D.W. Va. Mar. 13, 2014). To the contrary, Defendant Thompson's response to Plaintiff's grievance indicates he reviewed the incident and took the action he deemed appropriate. In the response, Defendant Thompson indicated Plaintiff's allegations were reviewed, along with the Incident Report and MIN Narrative, explained that Plaintiff did not "present substantial evidence to support [his] allegations," and provided Plaintiff with information on how he could appeal the

9

denial of his grievance. (ECF No. 1-1 at 5.) Although this may have not been the response Plaintiff desired, it is not evidence of a failure to act on Defendant Thompson's part.

Plaintiff additionally argues that a "deficiency in training" resulted in a constitutional violation. (ECF No. 56 at 4.) Plaintiff cites several policies and standards, but fails to specify how Defendants have been deficient in training prison employees under these policies, nor how that deficiency resulted in any constitutional injury to Plaintiff. Plaintiff's speculation alone cannot support an assertion that Defendant's failure to properly train employees resulted in a violation of Plaintiff's constitutional rights. *Ennis,* 53 F.3d at 62.

As Plaintiff cannot provide evidence of liability by the supervisory Defendants, Defendants Nettles, Thompson, and Byars are entitled to summary judgment.

**Deliberate Indifference to Serious Medical Need**

Plaintiff asserts that Defendant Marksberry did not offer medical care to Plaintiff after the issuing of chemical munitions, and that this is evidence of Defendant's deliberate indifference to Plaintiff's medical need and a violation of SCDC Policy/Procedure. (ECF No. 56 at 5.) Plaintiff, however, fails to provide anything but his own bare assertions as evidence of this violation.

As Plaintiff correctly points out, deliberate indifference to a serious medical need requires a plaintiff to prove each defendant knew of and disregarded the risk posed by the plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 846. However, with the facts in the record, Plaintiff cannot establish Defendants knew of any serious medical needs of Plaintiff.

Defendant Marksberry, in his affidavit, stated that he was not aware Plaintiff sustained any injury and that Plaintiff did not ask Defendant Marksberry to take him to get medical

10

attention. (ECF No. 42-3 at 3.) Plaintiff can offer no facts to refute this statement, other than to baldly assert that, under his training, Defendant Marksberry should have known that "medical need is a must" in such situations. (ECF No. 56 at 5.) In his Complaint, Plaintiff said he received medical treatment within 45 minutes of the incident. (ECF No. 1 at 4.) In addition, Plaintiff claimed to have reported several incidents of chest pain to Officer Jackson. (*Id.*) He did not, however, provide any facts that would indicate any of the named Defendants were aware of a serious medical need and refused to provide treatment. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference [of inhumane conditions]." *Farmer,* 511 U.S. at 837. As Plaintiff cannot demonstrate that any of the Defendants were aware of a serious harm from which to draw an inference that medical care was necessary, Defendants are entitled to summary judgment on these grounds.

**Qualified Immunity**

Plaintiff argues that taking the facts in the light most favorable to him, Defendant Marksberry "clearly violated a constitutional right and is not entitled to qualified immunity as a matter of law." (ECF No. 56 at 6.) However, Plaintiff offers no more than reiterations of his previous arguments and unsupported assertions that Defendants' actions amount to a constitutional violation. As discussed, the facts in the record do not support a finding that Defendants' actions violated Plaintiff's rights. As such, the court concurs with the magistrate judge that Defendants should be granted qualified immunity.

**Failure to Exhaust**

Plaintiff offers no objection to the portion of the Report recommending summary judgment be denied on the basis of Plaintiff's failure to exhaust administrative remedies. In the

11

absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Therefore, after a thorough and careful review of the Report and the record regarding this issue, the court finds the Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendation.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the magistrate judge and the record in this case, the court **ACCEPTS** the Report of the magistrate judge (ECF No. 54). It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 42) is **GRANTED** and this action (ECF No. 1) is **DISMISSED** with prejudice. Plaintiff's pending Motion to Appoint Trial Counsel (ECF No. 51) is thereby rendered moot.

**IT IS SO ORDERED.**

United States District Judge

September 4, 2014
Columbia, South Carolina

13